CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 19 2006

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RONALD E. BASKETTE, SR., <br> MARTHA BASKETTE, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> *Defendant.* | CIVIL ACTION NO. 6:05-CV-00034 <br><br><br> ORDER AND OPINION <br><br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss, filed on November 15, 2005. For the following reasons, this Motion is hereby GRANTED in part.

The pro se plaintiffs, a husband and wife, allege that the government violated their civil rights, discriminated against them, and conspired against them through the Central Virginia Community Health Center (CVHC). Plaintiffs allege that Defendant failed to provide them with their complete medical records, falsified information in the records, and used the falsified information to conspire against them, resulting in CVHC's decision to dismiss them as patients for other than emergency purposes. The Plaintiffs ask the Court for $1,500,000 in damages and an order requiring CVHC to turn over their complete medical records, including x-rays and test results. Plaintiffs also allege that Dr. Campanelli, who had treated Martha Baskette at CVHC, assaulted them on October 17, 2003, but do not provide details.

The government moves to dismiss on the grounds that United States has not waived

1

sovereign immunity for constitutional torts, and even if Plaintiffs sued Dr. Campanelli in his individual capacity for a constitutional tort, the Public Health Service Act, 42 U.S.C. § 233 makes the Federal Tort Claims Act ("FTCA") the exclusive remedy for specified actions against the Public Health Service. The government argues that Plaintiffs' cannot state a claim for relief under the FTCA.

The United States has not waived sovereign immunity for constitutional torts. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 410 (1971) (Harlan, J., concurring); *F.D.I.C v. Meyers*, 510 U.S. 471, 477 (1994). Because sovereign immunity is jurisdictional, the Court would thus lack jurisdiction over a suit directly against the United States. Given that pro se complaints are to be construed liberally, however, the Court chooses to treat this as a suit against Dr. Campanelli in his individual capacity. The FTCA is the exclusive remedy for "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a).

The Federal Tort Claims Act provides, in part, that the federal district courts shall have exclusive jurisdiction of civil actions on claims against the United States for money damages arising from injury to property or person caused by any employee of the federal government acting in the scope of his employment under "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The "law of the place" referred to is state law, not federal law. *FDIC v. Meyer,* 510 U.S. 471, 477-78 (1994) ("1364(b)'s reference to the 'law of the place' means the law of the state");

2

*Williams v. U.S.*, 242 F.3d 169, 173 (4th Cir. 2001) (holding that the FTCA is not a waiver of sovereign immunity for federal claims, including *Bivens* actions). Hence, in order to sue under the Federal Tort Claims Act, Plaintiffs must be able to state a claim under Virginia law.

Under Virginia law, a doctor has a duty to continue to care for a patient until his services are no longer needed. However, "under certain circumstances the physician has a right to withdraw from a case, provided the patient is afforded a reasonable opportunity to acquire the services he needs from another physician." *Lyons v. Grether*, 218 Va. 630, 634 (1977); *Rosen v. Greifenberger*, 257 Va. 373, 380 (1999) (noting that the essence of this duty is the responsibility of the physician to avoid a lapse in the patient's treatment).

Considering the documents attached to Plaintiffs' complaint, it appears that Plaintiffs received adequate notice of the termination of the physician-patient relationship and thus could have avoided a lapse in treatment.[1] Dr. Campanelli mailed a letter to Plaintiffs on August 18, 2004, referring to an earlier letter of June 28 where he gave notice of the termination of the physician-patient relationship. The June letter apparently specified, and the August letter reiterated, that CVHC would provide medical care until August 28, 2004. It also listed alternate medical facilities in the area and offered to forward Plaintiffs' medical records to the facility of their choice. The Plaintiffs thus had ample notice of CVHC's decision to discontinue treatment, and had a reasonable opportunity to seek other medical services. Their claim for damages against

---

[1]On a motion to dismiss, the court generally considers only the parties' pleadings; however, it is also accepted that a court may consider matters of public record, orders, and exhibits attached to the complaint. *Williamson v. First Virginia Bank*, 26 F. Supp. 2d 798 (E.D. Va. 1998) (allowing consideration of an employee manual incorporated by reference into the complaint); *Volpone v. Caldera*, 190 F.R.D. 177 (E.D. Va. 1999); 5B Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed.).

3

Dr. Campanelli must therefore be dismissed.

The Plaintiffs' claim for assault must be dismissed without prejudice. The FTCA requires that a claim for money damages be presented to the appropriate administrative agency for determination and be denied before a claimant may sue. 28 U.S.C. § 2675. As Plaintiffs have failed to show that they exhausted their administrative remedies on this issue, this claim is dismissed without prejudice.[2]

Plaintiffs also seek an order requiring the return of their medical records. At this time, the Court declines to dismiss that claim, because it is not clear as a matter of law that Plaintiffs cannot prevail given the disclosure requirements of the Privacy Act of 1974, 5 U.S.C. § 552a(d) and (g).

The Court therefore DISMISSES Plaintiff's claim for money damages based on CVHC's decision to discontinue their care and DISMISSES WITHOUT PREJUDICE Plaintiffs' claim for assault.

It is so ORDERED.

The Clerk is hereby directed to send a copy of this Order to all counsel of record and pro se parties.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

January 19, 2006

---

[2] The government argues that even if Plaintiffs had exhausted their remedies, their claim for assault would still be barred because such claims are generally excepted from the FTCA's waiver of immunity. *See* 28 U.S.C. § 2680(h). However, 42 U.S.C. § 233(e) also waives sovereign immunity for assaults or batteries arising out of negligence in the performance of medical, surgical, dental, or related functions. *See, e.g., Webb v. U.S.*, 24 F. Supp. 2d 608, 620 (W.D. Va. 1998); *Leab v. Chambersburg Hosp.*, 230 F.R.D. 395 (M.D. Pa. 2005). Plaintiffs' complaint is not specific enough about the details of the alleged assault to determine whether this provision applies. Hence, it is not clear as a matter of law that Plaintiffs could not prevail on this claim, and the Court therefore dismisses the claim without prejudice.

4